O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARI LUCAS-HORNE,<br><br>                Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                Defendant. | CASE NO. CV 10-03325 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        This matter returns to the Court after a prior decision, in which the Court held that the Administrative Law Judge had erred by not considering Plaintiff's mental impairments to be severe. This time, severity is not an issue, the Administrative Law Judge having considered the severe impairments and having concluded that, despite Plaintiff's severe mental and physical impairments, Plaintiff still could perform her past relevant work as a cashier. Plaintiff now challenges the decision on two other grounds.

        First, Plaintiff says that the determination of her residual functional capacity is not backed by substantial evidence, because the Administrative Law Judge wrongly discounted the opinion of the treating physician. However, Plaintiff does not state anything with particularity about the treating physician's opinion, such as the way in which it demonstrates that Plaintiff is disabled. Nevertheless, the Court has reviewed the matter, and finds no error in the decision by the Administrative Law Judge.

A treating physician's opinion can be entitled to controlling weight under some circumstances, but the Administrative Law Judge is not required to accept it. Rather, if she gives specific and legitimate reasons for doing so, she may discredit such an opinion. *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004). The Administrative Law Judge here did not reject everything that the treating physician, Dr. Tolwin, said. She accepted his diagnosis and thoughtfully considered his records and opinions. The one portion that she did not fully accept was the statement, made in 2004, that Plaintiff suffered from depression to a disabling extent for a year before Dr. Tolwin first saw her in October 2002. [AR 565]

The Administrative Law Judge observed that Dr. Tolwin's initial formal examination was "essentially unremarkable." [AR 566] Therefore, at the time that, by Social Security regulations, Plaintiff would have had to be disabled, the treating physician was not making any medical notation from which a person reasonably could conclude that Plaintiff in fact was disabled. Thus, as the Administrative Law Judge appropriately found, "at the first level of analysis, Dr. Tolwin's opinions about the claimant's status at any time is not well supported." [*Id.*] Moreover, as the Administrative Law Judge previously had found, Plaintiff's level of activity was not as inhibiting as she had testified, during the very period that Plaintiff testified that her symptoms had become exacerbated. [AR 565] If Plaintiff were as unable to work as she claimed at the time that she claimed, the record would not show the same level of activity. Moreover, Plaintiff had claimed an exacerbation of her symptoms based on an event in 1997, but previously had alleged an onset date of five years later, and, in any event, did not make such an assertion the basis for her prior claim that was decided in 1999. Given such inconsistencies, it was appropriate for the Administrative Law Judge to conclude that "[a]t the second level of analysis, given the discussions above, even an acceptance or partial acceptance of Dr. Tolwin's ratings would not be shown pertinent to the situation through June 2002." [AR 566] Accordingly, the Court finds that the Administrative Law Judge acted within her

prerogative in declining to accept the treating physician's assessment that Plaintiff's impairment was disabling.

Plaintiff's second argument is that the Administrative Law Judge wrongly concluded that she was not credible. As noted above, however, the Administrative Law Judge did not deny that Plaintiff showed symptoms of depression, as Plaintiff seems to argue in her memorandum to the Court. Rather, she gave reasons — the inconsistency of her statements, the curious timing of the allegations of exacerbation of symptoms, the absence of documentation in the medical record of symptoms as great as Plaintiff now claimed — from which she concluded that Plaintiff's testimony could not be accepted in its entirety. This is an entirely reasonable approach, and the Administrative Law Judge certainly was entitled to use this information — ordinary techniques of assessing credibility — in evaluating Plaintiff's credibility. It is, of course, permissible to use ordinary techniques to assess credibility. *Fair v. Bowen*, 885 F.2d 597, 604 (1989). Accordingly, this argument also does not establish a basis for reversal.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 28, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE